June 7, 1906.

————o————

## No. 3977.

(Court of Appeal, Parish of Orleans.)

BERNARD VON SCHLEMMER vs. FRANCIS O'NEIL.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "E."

McCaleb, McCaleb & Leopold ,for Plaintiff and Appellee·

Boatner & Manion, for Defendant and Appellant.

DUFOUR. J. This suit seeks to recover $299, value of a mule, veterinary charges, cost of medicine and hire, of a horse in place of the mule, and is rested on the claim that the defendant negligently shod the plaintiff's animal and pricked him in so doing causing lockjaw to result.

With the exception of the universally conceded fact that the animal died of lockjaw, there is possibly more conflict of testimony in this case than in the average personal injury or damage suit and, we find ourselves confronted with the salutary rule that, in such a case, we may safely place reliance on the conclusions of the district judge who saw and heard the witnesses.

Witnesses for the plaintiff say that Brown, defendant's workman did the shoeing, but both he and McNeil insist that the latter did the work. McNeil says he was very careful and did not prick the horse.

Mr. Morice, a veterinary surgeon, graduate of the Lyons and Sannir (France) schools, who served as such in the French army and has practiced his profession for over forty years, made an examination of the animal and treated him at plaintiff's request.

He found that the mule had been pricked in the shoeing and gives as his reasons "what proved to me that it was pricked, the pus was the color of iron and when it is pricked it is that color. If that was from a bruise or shell or something, it would be white, it is easy to understand when it has the iron color and there can be no mistake about it."

He further shows that a nail could not have been "picked up" accidentally and caused the injury, because he was able to see the mark on the hoof at both the point of entrance and of exit or "sortie," and it was apparent that the shoe nail had left the horny part of the hoof and entered the quick at the very point where the suppurating sore broke out.

Defendant's counsel contends that this is not sufficient proof in view of McNeil's denial that he pricked the horse.

This overlooks the point that McNeil's conduct does not tend to corroborate his denial, but rather to sustain the diagnosis of Dr. Morice as to the precise cause of the injury.

When called by Schlemmer he came to see the mule and offered to take him to his place to treat him, sent Dr. Ford and asked that the latter be allowed to take him to his hospital, and, though he claims that he did so by way of compromise, the record makes it plain that throughout, there was an admission of liability on his part.

In one instance McNeil testifies as follows:

"I said as long as Dr. Morice says that that mule was hurt in driving a nail wrong, that is my mule, not yours, and I want to take him to my shop, as long as you say I am liable."

An unsuccessful attempt was made to show that plaintiff did

not take good care of the animal, it was in competent hands, and the stable surroundings were clean.  McNeil's suggestion that the mule had spasms from *noise* about the place would sound more plausible perhaps if lockjaw did not cause spasms.

McNeil's competency as a blacksmith is proved and it is also testified that the best and most careful shoers sometimes injure an animal, this may be true, but when they do, none the less must they answer for the damage they have caused.

The district judge accepted the statement of Schlemmer as to the value of the mule at the time of its death and the cost of hiring a horse in its stead, he also accepted Morice's testimony as to his charge and the cost of medicine.

In the absence of adverse proof, he was correct, and any slight discrepancy would be cured by the rule *de mimimis*.

Judgment affirmed.

June 8, 1906.

Rehearing refused June 28, 1906.